**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
(Greenbelt Division)

| | |
|---|---|
| In re: | ) |
| | ) |
| Mite, LLC | ) Case No. __18-19966__ |
| | ) Chapter 11 |
| Debtor. | ) |

**PROPOSED PLAN OF REORGANIZATION**

The Debtor proposes the following plan of reorganization pursuant to 11 U.S.C. Section 1121: THE COURT WILL SCHEDULE A HEARING TO BE DETERMINED FOR THE CONFIRMATION OF THIS PLAN at the United States Bankruptcy Court for the District of Maryland, Greenbelt Division, 6500 Cherrywood Lane, Greenbelt, MD 20770.

ARTICLE I.  DEFINITIONS.  In this Plan:

1.01. Allowed claim means a claim: (A) if no objection to the allowance thereof has been interposed within any applicable period of limitation fixed by Rule or Order of the Court, (1) in the amount for which a proof of claim has been filed with the Court within the applicable period of limitations fixed by Rule 3003 or an Order of the Court or (2) in the amount scheduled in the list of creditors prepared and filed with the Court pursuant to Rule 1007(b), as such may be pursuant to Rule 1009 prior to the Confirmation Date, and not listed therein as disputed, contingent or unliquidated as the amount; or (B) if any objection to the allowance thereof has been interposed within any applicable period of limitation fixed by Rule or an Order of the court, in the amount determined by the Court by a Final Order allowing such claim.

1.02. Claim means any right to payment, or right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, against Debtor in existence on or as of the Petition Date, whether or not such right to payment of right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, un-matured, disputed, undisputed, secured or unsecured.

1.03. Code means the Bankruptcy Code, 11 U.S.C. Section 101, et seq., and any amendments thereof.

1.04.   <u>Confirmation Date</u> means the date upon which the Court enters the Order of Confirmation.

1.05.   <u>Debtor-in-Possession Obligations</u> means all indebtedness incurred by the Debtor after the commencement of the Re-organization Case, except for the fees, costs and disbursements to Professionals.

1.06.   <u>Effective Date</u> means the date eleven (11) days following entry of the Order of Confirmation; provided, however, that (a) if the eleventh day following the entry of the Order of Confirmation falls on Saturday, Sunday or legal holiday, the Effective Date shall be on the first business day thereafter, and (b) if any act required to be performed on the Effective Date, or if any conditions required to exist on the Effective Date, cannot be performed or made to exist on the eleventh day after entry of the Order of Confirmation due to the existence of a Court Order staying or otherwise precluding execution of the Plan, or any part thereof, then the Effective Date shall be Eleven(11)days after the entry of the Order staying or otherwise precluding execution of the Plan, or any part thereof has been nullified or vacated or otherwise modified or the appeal, and any further appeals, have been resolved and the time for any further appeal has expired.

1.07.   <u>Final Order</u> means an order of the Court as to which appeal that has been or may be taken has been resolved or as to which the time for appeal, including the twenty-day (20), extension available for excusable neglect under Rule 8002(c), or further appeal has expired.

1.08.   <u>Order of Confirmation</u> means the Final Order entered by the Court confirming the Plan in accordance with the provisions of Chapter 11 of the Code.

1.09.   <u>Person</u> includes an individual, corporation, partnership, joint venture, trust, estate, unincorporated organization, or any government or any agency or political subdivision thereof.

1.10.   <u>Petition Date</u> means the date on which Debtor filed its Chapter 11 Petition with the Court.

1.11.   <u>Reorganization Case</u> means case number 18-19966.

1.12.   <u>Rules</u> mean the Bankruptcy Rules, as and supplemented by the local bankruptcy rules as adopted by the Court.

ARTICLE II.  CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS.

2.01.   Class I.  The allowed claims for expenses of administration.

a.      The administration expenses of the Debtor's reorganization case allowed pursuant to section 503(b) of the code shall be paid in full on the later of the Effective Date or eleven (11) days after such administrative expense becomes an allowed claim, or upon such other terms as may be agreed upon by the holder of such allowed administrative expense claim and Debtor; provided, however, that;

    (i)     the compensation of professionals shall be as set forth in subparagraph (b); and

    (ii)    the Debtor-in-Possession obligations incurred in the ordinary course of business shall be paid in the ordinary course of business.

b.      Fees, costs and disbursements of professionals shall be the subject matter of applications to the Court for allowances or award in the manner prescribed by the Code.  Any professional may apply to the Court for interim allowance of fees, costs and disbursement at any time, and from time to time, prior to payment in full of such fees, costs and disbursements, and Debtor may pay such interim allowances before the Effective Date after the entry of a Final Order allowing such interim payments.  The fees, costs and disbursements of professionals, as allowed by the Court, shall be paid in full on the later of the Effective Date or then (10) days after the entry of a Final Order allowing such fees, costs and disbursements, or upon such other terms as may be agreed upon by the holder of such allowed professional expense claim. As of the filing of this Claim, Counsel has not filed any applications for fees.  Counsel estimate their fees through confirmation will be approximately $17,500.00, unless there are unforeseen objections to the Plan of Reorganization.  In the event there are objections, contested matters or related core proceedings then approximately two to four thousand dollars may be necessary in additional attorney fees.

c.      To the extent not fully paid at that time, the administration fees set forth in 28 U.S.C. §1930 shall be paid as of the effective date of the Plan.

2.02   CLASS II:   SECURED CREDITORS:

A.   **Sandy Spring Bank**:   Sandy Spring Bank or its representatives filed a proof of claim in the total amount of $893,051.30, with no arrears.  It is unclear the value Sandy Spring places on the security for its loan.  Debtor intends to continue to make all post-petition payments as they come due.  No claim has been made for any pre-petition arrears by Sandy Spring Bank.

B.   **HBW Group:**   Debtor disputes this debt, and intends to file an Objection to the Proof of Claim filed by HBW Group.

In the event of a default of a plan payment to a member of this class of creditor, said creditor shall immediately file a Notice of Default with the Court and serve counsel for Debtor with same by electronic and first class mail.  If Debtor is unrepresented, such creditor shall serve Debtor directly by first class mail, return receipt requested at its address as listed with the Clerk of the Court.  Debtor shall have 15 days from the date of the Notice of Default to cure said default.  In the event that debtor fails to cure said default within 15 days of notice properly given hereunder, the automatic stay of bankruptcy imposed by §362 of the United States Bankruptcy Code shall be lifted with respect to the said creditor, and the terms of this Plan shall no longer bind the said creditor.

2.03   Class III:   UNSECURED PRIORITY:

A.   Comptroller of Maryland.   The Comptroller of Maryland has filed a proof of claim for priority debt in the amount of $1,133.00. Debtor intends to pay this amount on the Effective Date of the Plan.

2.04   CLASS IV:   UNSECURED NON-PRIORITY CLAIMS:

Debtor anticipates paying all unsecured non-priority claims at a rate of 8% of the total amount owed. Payments will be made in semi-annual payments of 1% of the amount owed, beginning on the first anniversary of the Effective Date as defined above.

ARTICLE III.  MEANS FOR EXECUTION OF THIS PLAN.

3.01.   The Debtor is currently not solvent.  Debtor has taken great strides in reducing its monthly expenses, by beginning to renegotiate its lease and lowering its monthly payments thereunder.  In addition, Debtor is in the process of attempting to re-capture certain clientele that were previously lost to competitors.  Along with the reduced payments to general unsecured payments in the proposed Plan, the reduction in the monthly rent expenses is anticipated to bring the debtor to solvency.  It is anticipated that, through the normal course of business, debtor will be in a position to execute its requirements under the Plan.

ARTICLE IV.  AMENDMENTS AND WAIVERS.

4.01.    Except as otherwise specifically set forth in the Plan, any term of the Plan may be amended and the observance of any term of the Plan may be waived (either generally or in a particular instance and either retroactively or prospectively) upon consent to such amendment or waiver of the holders of a majority in amount of allowed claims or allowed interests affected by such amendment or waiver.

ARTICLE V.  EXECUTORY CONTRACTS.

5.01    Debtor's only executory contract is a lease agreement held with 8341 Beechcraft, LLC.  Debtor and 8341 Beechcraft, LLC are in the process of negotiating a modification to this lease agreement.

ARTICLE VI.  RETENTION OF JURISDICTION.

6.01.    Upon confirmation, the Debtor shall be vested with the Debtor's entire property subject only to the terms of this plan.

6.02.    Subject to the preceding Section, the Bankruptcy Court shall retain jurisdiction in the case until the entry of a Confirmation Order for the following purposes:

(a) The classification of the claim of any creditor and the re-examination of claims which have been allowed for purposes of voting, and the determination of such objections as may be filed to the claims of creditors. The failure by the Debtor to object, or to examine any claim for purposes of voting, shall not be deemed to be a waiver of the Debtor's right to object to, or to re-examine the claim in whole or in part.

(b) Determination of all causes of action, controversies, disputes, causes of action, and conflicts involving the Debtors or its assets arising prior to the Effective Date, between Debtors and any other party, including but not limited to the right of the Debtor to recover assets pursuant to the provisions of the Bankruptcy Code.

(c)    The correction of any defect, the curing of any omission, or the reconciliation of any inconsistency in this Plan or the Order of Confirmation as may be necessary to carry out the purposes and intent of this Plan.

(d)    The modification of this Plan after confirmation.

(e)     The enforcement and interpretation of the terms and conditions of this Plan, including any agreement for satisfaction of an allowed claim.

(f)     The determination of the validity and/or priority of any liens against Debtor's assets.

(g)     The determination of the amount of any tax, fine, or penalty relating to a tax, or any addition to a tax, pursuant to Section 505 of the Bankruptcy Code.

(h)     The fixing of allowances of compensation and other administrative expenses.

(i)     The estimation of contingent or unliquidated claims.

6.03.   Except as provided in this Article, the Court's jurisdiction shall terminate as to this case on the Effective Date of the Plan.

ARTICLE VII.  MISCELLANEOUS.

7.01.   <u>Notices</u>.  All notices required or permitted to be made in accordance with the Plan shall be in writing, and shall be delivered personally, or by mail:

(a)     To the Debtor, C/O David J. Kaminow, Inman Kaminow, P.C., 410 W. Patrick Street, Frederick, MD 21701.

(b)     To a holder of an allowed claim or allowed interest, at the address set forth in its allowed proof of claim or as set forth in the schedule prepared and filed with the Court pursuant to Rule 1007(b), and to such other person who has requested notices on behalf of said creditor, pursuant to FRBP 2002 and/or 9010; and

(c)     Notice shall be deemed given when received.  Any person may change the address at which it is to receive notices under the Plan by sending written notice pursuant to the provisions of this section to the person to be charged with the knowledge of such change.

7.02.   <u>Reservation of Rights</u>.  Neither the filing of the Plan, nor any statement or provision contained herein, nor the taking by any creditor of any action with respect to the Plan shall (a) be or be deemed to be an admission against interests; and (b) until the Effective Date, be or be deemed to be a waiver of any rights

˘ 6 ˘

which any creditor may have against the Debtor or his property or any other creditor of Debtor, and until the Effective Date, all such rights are specifically reserved.  In the event that the Effective Date does not occur, neither this Plan, nor any statement contained herein, may be used or relied upon in any manner in any suit, action, proceeding or controversy within or outside to the reorganization case involving Debtor.

7.03<u>Discharge of Debtor</u>.  Confirmation of the plan and completion by the Debtors of all payments required by the plan will discharge the debtor from any preconfirmation debt without regard to whether a claim has been proved or allowed in the Chapter 11 case, and without regard to whether the holder of the claim accepted the plan.  Once the Debtor completes all obligations under the plan, the case will be closed.

7.04<u>Default.</u>  The order of confirmation substitutes the plan obligations for the debtor's prepetitition obligations.  Any failure by the debtor to consummate or complete all of the material requirements of a confirmed plan would be a default under the plan and justify any creditor or the U.S. Trustee to move for a dismissal or conversion of the case to a Chapter 7 after notice and a hearing.  Additionally, in the event of default a creditor may bring suit against the debtor in a non-bankruptcy court to enforce the terms of the plan.  There is no obligation by the debtor to provide creditors with information regarding his financial condition after the confirmation of the plan.  However, before the case is closed a final accounting will be submitted.

    Respectfully submitted,

    INMAN KAMINOW, P.C.

    /S/ David J. Kaminow
    David J. Kaminow, No. 12089
    dkaminow@kamlaw.net
    410 W. Patrick Street
    Frederick, MD 21701
    301-315-9400

**CERTIFICATE OF SERVICE**

I HEREBY Certify that on this 30th day of April, 2019, a copy of the foregoing Plan was sent via the Court's electronic delivery system and/or by first class mail, postage prepaid, to:

Michael Bolesta, Esquire
mbole@gebsmith.com
Michael Nord, Esquire
mnord@gebsmith.com
GEBHARDT & SMITH, LLP
One South Street, Suite 2200
Baltimore, MD 21202

Jeanne Crouse, Esquire
Jeanne.M.Crouse@usdoj.gov
Office of the U.S. Trustee
USTPRegion04.GB.ECF@USDOJ.GOV
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770

Marc Schach, Esquire
mes@cooncolelaw.com
Coon & Cole, LLC
401 Washington Avenue, Suite 501
Towson, MD 21204

and by first class mail, postage prepaid, to:

Hans-Jurgen Sund
100 Margate Road
Lutherville, MD 21093

                                                   /S/ David J. Kaminow
                                                 David J. Kaminow